# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ACELLA PHARMACEUTICALS, LLC, ) | |
| ) | |
|   Petitioner/Counter-Defendant, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO.: |
| ) | 1:15-CV-02847-LMM |
| BI-COASTAL PHARMA ) | |
| INTERNATIONAL, LLC ) | |
| ) | |
|   Defendant/Counter-Plaintiff. ) | |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Whereas alleged breaches of a confidentiality agreement and misappropriation of trade secrets are the central issues in this matter, Acella Pharmaceuticals, LLC and Bi-Coastal Pharma International, LLC anticipate that discovery will involve the production of materials that contain trade secret or other confidential research, development, or commercial information; accordingly

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto through their respective counsel who respectfully request that the Court enter it as an Order of the Court:

1

1. **Definitions.**

The following definitions shall apply to this Agreement and Order:

a. The "Litigation" shall refer to the above-captioned matter and to any other action consolidated at any time under that caption, and any appeal therefrom through final judgment.

b. "Document" shall mean all writings of any kind, electronically stored or electronically generated information, or graphic material of any type, and any other similar materials, or portions thereof.

c. "Confidential Document" shall mean any document, material or thing which contains Confidential Information and which any Designating Party (as defined herein) designates as "Confidential" at any time and in any manner set forth in any part of this Agreement and Order. All documents, information or materials designated "Confidential," in accordance with this Agreement and Order, shall be treated as Confidential for purposes of, and pursuant to, this Agreement and Order. Any Designating Party may designate any document, information or material as "Confidential" in the reasonable and good faith exercise of such person's discretion and belief that the designated item(s) contain Confidential Information, provided, however, that by agreeing to this Agreement and Order, no

party waives the right to challenge any other party's designation of any document or other material as "Confidential."

**Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with paragraph III(g) of the Court's Standing Order Regarding Civil Litigation, as provided in Paragraph 15 below.**

   d. "Confidential Information" shall mean any trade secrets as defined in the Georgia Trade Secrets Act at O.C.G.A. § 10-1-761(4), or other confidential research, development, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G). Only "Confidential Information" shall be designated as "Confidential."

   e. "Person" as used herein shall mean natural person, firm, association, organization, partnership, business, trust, corporation, foundation, or other public or private entity.

   f. "Designating Party" shall mean any party to the Litigation, or any other person or entity that designates any document, information, or material as "confidential" pursuant to this Agreement and Order.

  g. "Producing Party" shall mean any party to the Litigation, or any other person or entity producing documents, information or other materials in the Litigation.

  h. "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or other appropriate term or terms connoting the confidentiality of the document. When any document is so designated pursuant to this Agreement and Order, the Legend shall be affixed to the cover of such document and to any page therein containing Confidential Information in a manner that does not interfere with the legibility or contents of the document.

  i. "Party" or "parties" shall refer to the named parties, agents, and employees.

  j. "Counsel" shall mean the counsel of record for the parties in the Litigation and the firms, agents, and employees of the parties' counsel.

  k. When reference is made in this Agreement and Order to any document or party, the singular shall include the plural and plural shall include the singular.

2.   **Scope of Application.**

This Agreement and Order shall govern all documents and other information and materials generated or produced pursuant to the parties' disclosure obligations (including any initial and/or supplemental disclosures) and/or in response to any formal discovery conducted by any party to the Litigation pursuant to the Federal Rules of Civil Procedure. This Agreement and Order shall not govern the use or admissibility of any evidence at trial in this action or the procedures for using such documents or information at trial in this action.

3.   **Limitation on Use of Confidential Information.**

All documents, material or information in this Litigation that are designated "Confidential" may be used for purposes of this Litigation, including but not limited to, discovery, motions, briefs, oral argument, the trial and preparation for trial in this Litigation, as defined in paragraph 1(a) above, and on appeal, if any, and for no other purpose whatsoever ("Permitted Purpose").

Confidential Documents and/or Confidential Information and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to:

a. parties to the Litigation, including upper-level management, corporate officers, and directors of such parties, only to the extent necessary for the Permitted Purpose;

b. counsel for the parties hereto and their employees, paralegals, legal assistants or other secretarial and clerical employees, including outside copy services, only to the extent necessary for the Permitted Purpose;

c. experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the parties or counsel for the parties hereto only to the extent necessary for the Permitted Purpose;

d. deponents, witnesses, and/or their counsel who have a reasonable need to review this material during the course of, or in connection with their testimony in the Litigation, including but not limited to deponents or trial witnesses who may be employees of a party;

e. stenographic reporters who are involved in depositions, the trial or any hearings or proceeding before the Court in the Litigation;

f. the Court and any persons employed by the Court whose duties require access to Confidential Documents and/or Confidential Information; and

g. persons retained by the parties to the Litigation for the purpose of mediation, and agents and/or employees of such persons as necessary to facilitate

mediation. Unless the Designating Party agrees otherwise, Confidential Documents and/or Confidential Information may be disclosed to persons referred to in this paragraph only after such persons have been advised of the terms and operation of this Agreement and Order and have agreed to be bound by its terms.

  h. Any Designating Party who designates its own documents or information as Confidential pursuant to this Order may disclose such documents or information contained therein to any persons, with or without conditions to such disclosure, as it deems appropriate.

  i. Persons listed in (a), (c), or (d) of this paragraph shall be required to sign a Certification attached hereto as Exhibit A prior to disclosure of Confidential Information to them. The Receiving Party who discloses such Confidential Information shall maintain each original, signed Certification and transmit a copy thereof to the Designating Party upon its execution.

**4.** **Confidential Information - Attorneys' Eyes Only.**

  The Designating Party may designate a document with a Legend as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such party in good faith reasonably believes that disclosure of the document to persons other than those listed in this paragraph is substantially likely to cause injury to the Designating Party. For any document so designated, the party receiving it shall not disclose the

document or its contents to any person other than those identified in Paragraphs 3(b) and (f). The party receiving such document may disclose it or its contents to persons listed in Paragraphs 3(c), (d), or (e) after receiving the prior written consent of the Disclosing Party, such person's execution of the Certification attached hereto as Exhibit A, and the transmission of the executed Certification to the Disclosing Party.

**5.     Manner of Means of Designation.**

A Designating Party may designate any document or portion thereof which contains Confidential Information as "Confidential" or "Confidential–Attorneys' Eyes Only" pursuant to this Agreement and Order by affixing the legend as provided under paragraph l(h) to any document containing, or which the Designating Party believes contains, Confidential Information. By designating a document or information as "Confidential" or "Confidential–Attorneys' Eyes Only," the party making the designation is certifying to the Court under Federal Rule of Civil Procedure 26(g) that such document has been reviewed by counsel and that there is a good faith basis for such designation.

If, through inadvertence, a Producing Party produces any document or portion thereof which contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Agreement and Order by affixing the

Legend as provided under paragraph l(h), the Producing Party may subsequently designate the document as "Confidential" or "Confidential–Attorneys' Eyes Only."

In the event that a party makes available voluminous documents for inspection only, no stamping need be made by the Producing Party in advance of the initial inspection and the following procedures shall apply: The Producing Party shall not be considered to have waived the confidential status of documents made available during such an initial inspection but not chosen by the inspecting party for copying. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall, within fifteen (15) days, and prior to providing copies of the selected documents to the requesting party, stamp each page of such documents with the "Confidential" designation. A Producing Party may also designate documents as Confidential by advising counsel of record to whom the documents are to be produced, in writing, of the Bates numbers of the documents which are designated Confidential pursuant to this Order.

**6.     Designation of Documents Produced by Third Parties.**

Any party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within fifteen (15) days of

production of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a Designating Party, in the following manner:

    a.    Parties to the litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Any party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within fifteen (15) days of receipt of such notice (or such other time as may be agreed), return to the Designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

    b.    Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Agreement and Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Agreement and Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any

person not permitted access to such information under the terms of this Agreement and Order.

**7.     Designation of Transcripts.**

a.     In the case of Confidential Information being revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made before the stenographer transcribing such depositions has disseminated to counsel for the parties the transcript of the deposition, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

b.     If a deposition or hearing transcript has not previously been designated as "Confidential" or "Confidential–Attorneys' Eyes Only" prior to its preparation by the stenographer, counsel for a party may alternatively so designate a deposition or hearing transcript or a portion thereof, disclosing, containing or referring to any Confidential Document by informing counsel for all other parties to this action in writing within fifteen (15) days after receipt of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Documents pursuant to this Agreement and Order. Upon receipt of such notice, any party in possession of

copies of such designated transcript shall affix the appropriate Legend thereto. Until the receipt of such designation, the transcript shall be presumed to not contain Confidential Information.

**8. Copies.**

All copies of any Confidential Documents shall also constitute and be treated as Confidential Documents as provided in this Agreement and Order. Any person making, or causing to be made, copies of any Confidential Documents shall make certain that each such copy bears the Legend pursuant to the requirements of this Agreement and Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

**9. Objections to Designation.**

Any party (the "Requesting Party") may at any time request in writing that any information or document designated with a Legend hereunder be released from the requirements of this Agreement and Order, and, unless otherwise agreed in writing, the requesting party shall meet and confer with the Designating Party within ten (10) business days of a written request. If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party must make an application within

ten (10) business days of the meet and confer for a ruling from the Court on the continued application of the designation of such information or document. In the event that such application is made, the information or document shall be submitted to the Court under seal for the Court's review pursuant to Paragraph 15, and the terms of this Agreement and Order shall continue to apply to such information or document until such time as the Court orders otherwise. If such an application is not made by that time, the document or information in dispute shall remain with its designation. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

**10.    Procedure for Disclosure to Other Persons.**

At any time, any requesting party may request in writing permission to disclose any designated document or other information to any person other than those permitted access to such information as provided under Paragraphs 3 and 4 above. The Designating Party shall thereafter respond in writing within fifteen (15) days of receipt of the written request, and if the requested permission is withheld, shall state the reasons therefore. Failure to respond within the above fifteen (15) day period will constitute a waiver of the confidentiality of the document or information at issue. If consent has been withheld by any party, and the parties are subsequently unable to agree whether the requested disclosure should be allowed,

or they cannot agree on the terms and conditions of disclosure, the matter may be submitted to the Court; provided, however, that until such time as the Court orders otherwise, no such disclosure shall be made. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

**11.     Inadvertent Production of Privileged Material.**

If either party inadvertently produces a document subject to the attorney-client, work product, or other privilege, the producing party, upon learning of the inadvertent disclosure, shall promptly notify opposing counsel in writing of the disclosure. Upon receipt of such notification, opposing counsel shall immediately return all copies of such document(s) in its possession and shall immediately delete all electronic copies of such document(s). Opposing counsel shall also immediately inform any person to whom disclosure of such document(s) were made of the inadvertent disclosure and shall request that each such person immediately destroy and/or delete all copies of such document(s) within its possession and confirm to the other party that such destruction/deletion has been performed, and shall expunge from any other document(s) or material information solely derived from the inadvertently produced document(s). The parties further agree that information or knowledge that can only have been derived exclusively from the inadvertent

disclosure of privileged documents shall not be admissible into the record at any stage of the proceedings in this matter, except that such information may be submitted to the Court solely for the purposes provided in Federal Rule of Civil Procedure 26(b)(5).

**12. Further Protective Orders/Objections Not Waived.**

The foregoing is without prejudice to the right of any party to this Agreement and Order: (a) to apply to the court for a further protective order relating to any Confidential Information or relating to any discovery in this litigation; (b) to resist or compel discovery with respect to, or seek to obtain additional or different protection for, discovery material claimed to be protected work product or privileged under state or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to federal law; (c) to seek to modify or obtain relief from any aspect of this Agreement and Order; (d) to object to the use, relevance or admissibility at trial or otherwise of any discovery material, whether or not designated in whole or in part as Confidential Information subject to this Agreement and Order.

**13.    Subpoena of Confidential Documents.**

If at any time any document or information protected by this Agreement and Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to any party which has designated such information as confidential hereunder so as to advise such person of the need to promptly obtain a protective order or a notice to quash the subpoena. The burden shall be on the Designating Party to timely file a motion for a protective order. The Party receiving such a subpoena or formal request shall advise the party serving the request of the existence and contents of the Agreement and Order.

**14.    Continuation of Protection After Disposition.**

a.    The termination of proceedings in the Litigation shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Agreement and Order, unless the Court orders or permits otherwise.

b.    Within thirty (30) days of the final disposition of the Litigation, the attorneys for the parties shall return to the Producing Party or otherwise destroy

any and all documents and information that have been designated as confidential and copies thereof. If the attorneys in possession of the documents and information chose to destroy said documents, they will provide written notice of destruction to the Producing Party's attorneys. To the extent Confidential Documents have been produced electronically or converted to electronic format, the parties shall return the media upon which such documents were produced and delete any electronically copied or stored versions of such documents from any and all media, including but not limited to all drives or servers. Confirmation of such deletion shall be provided in writing by counsel for the parties.

**15.    Filing Under Seal.**

If Confidential Information designated as confidential hereunder is included in any papers to be filed in Court, such papers shall be filed under seal only by order of the Court in accordance with paragraph III(g) of the Court's Standing Order Regarding Civil Litigation.

WHEREFORE, the parties respectfully request that the Court enter the foregoing Confidentiality Agreement as an Order of the Court.

IT IS SO AGREED this 9th day of December, 2015.

/s/ Jordan S. Cohen
Jordan S. Cohen, Esquire
Fla. Bar No. 551872
Jcohen@wickersmith.com
Carlos A. Garcia, Esquire
Fla. Bar No. 99768
Cgarcia1@wickersmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Telephone: (954) 847-4800
Facsimile: (954) 760-9353

Jacquelyn Smith Clarke
Ga. Bar No. 827145
HALL BOOTH SMITH, PC
191 Peachtree, Suite 2900
Atlanta, GA 30303
Telephone: (404) 954-5000

*Attorneys for Defendant/Counter-Plaintiff Bi-Coastal Pharma International, LLC*

/s/   Adam P. Ford
ADAM P. FORD
Georgia Bar Number 355079
JONATHAN A. PAGE, SR.
Georgia Bar Number 481267
PAGE LAW, LLC
540 Powder Springs Street
Suite 28-E
Marietta, Georgia 30064
Tel. 770-285-7785
Fax: 770-285-7784
adam@pagebusinesslaw.com
jonathan@pagebusinesslaw.com

*Attorneys for Petitioner/Counter-Defendant Acella Pharmaceuticals, LLC*

For good cause shown, the foregoing Confidentiality Agreement shall be the Order of this Court.

IT IS SO ORDERED, this 9th day of December, 2015.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

# [EXHIBIT A]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ACELLA PHARMACEUTICALS, LLC, )<br>)<br>  Petitioner/Counter-Defendant, )<br>)<br>v. )<br>)<br>BI-COASTAL PHARMA INTERNATIONAL, )<br>LLC )<br>)<br>  Defendant/Counter-Plaintiff. ) | CIVIL ACTION FILE NO.:<br>1:15-CV-02847-LMM |

## CERTIFICATION

I, _____, declare that:

- I have received a copy of the Confidentiality Agreement and Protective Order ("Confidentiality Agreement") in this action.

- I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

- I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated as confidential that I receive in this action.

- I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

- I understand that disclosure of information designated "Confidential" or "Confidential–Attorneys' Eyes Only" in violation of the Confidentiality Agreement may constitute contempt of court.

- I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with or violation of the Confidentiality Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

_____
        Signature                                Date